UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAWAZ ALI,<br><br>                                    Petitioner,<br><br>v.<br><br>JEREMY CASEY,<br><br>                                    Respondent. | Case No.: 26-cv-1565-JES-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) CONDITIONALLY GRANTING MOTION TO APPOINT COUNSEL**<br><br>**[ECF Nos. 2, 3]** |

Before the Court is Petitioner Fawaz Ali's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), motion to appoint counsel, and motion to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2, 3.

First, Petitioner's application to proceed IFP reflects that Petitioner is not employed and does not have money in any accounts. ECF No. 2. The Court finds that Petitioner cannot afford the $5 filing fee. Thus, the Court **GRANTS** Petitioner's application to

proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

Second, considering the complexity of the constitutional, statutory, and procedural issues presented in this matter, the Court finds that representation will serve the interests of justice. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Court hereby **GRANTS** Petitioner's motion to appoint counsel and **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc., as counsel, effective immediately. If Federal Defenders of San Diego, Inc., determines that it does not have the capability to represent Petitioner, Federal Defenders of San Diego, Inc., shall notify Petitioner and file notice with this Court by **Monday, March 23, 2026**. If Federal Defenders choose to accept representation, Petitioner may file an amended Petition no later than **Wednesday, March 25, 2026**.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court").

**IT IS SO ORDERED.**

Dated: March 16, 2026

_____

Honorable James E. Simmons Jr.
United States District Judge

2

26-cv-1565-JES-JLB